Kimberly DEVLIN, Appellant–
Petitioner,

v.

Daniel L. PEYTON, Appellee–
Respondent.

No. 49A02–1008–DR–902.

Court of Appeals of Indiana.

March 18, 2011.

Rehearing Denied May 24, 2011.

Kendra G. Gjerdingen, Mallor Grodner LLP, Bloomington, IN, Attorney for Appellant.

Darryn L. Duchon, Indianapolis, IN, Monty K. Woolsey, Cross, Woolsey & Glazier, Carmel, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Petitioner Kimberly Devlin ("Mother") and Appellee–Respondent Daniel Peyton ("Father") were divorced in 2004, and the matter was disposed of in

Marion Superior Court ("the Dissolution Court"). The marriage produced two children ("the Children"), of whom Mother was awarded sole physical and legal custody. In 2007, Mother married Dan Devlin, and in 2009, Devlin filed a petition to adopt the Children in Hendricks Superior Court ("the Adoption Court"). In this appeal from the Dissolution Court, Mother appeals from the Dissolution Court's conclusions that (1) it had jurisdiction over Devlin's adoption petition rather than the Adoption Court and (2) Father's consent to the adoption of the Children was necessary. We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On September 21, 2004, Father and Mother were divorced in the Dissolution Court. The Children were twenty-three months and four months old at the time, and Mother was awarded sole physical and legal custody of them. Father was ordered to pay $502 per week in child support. According to Father, he has consistently fulfilled his child support obligation with the exception of a short period of time in 2008. The last time Father saw either of the Children was June 29, 2004, and, that year, he moved to Washington D.C. for work.

On November 24, 2007, Mother married Devlin. In November of 2009, Devlin filed a petition to adopt the Children in the Adoption Court, alleging, *inter alia*, that Father's consent was unnecessary because he had "abandoned or deserted the minor children for a least six (6) months immediately preceding the date of the filing of the petition, and has failed without justifiable cause to communicate significantly with the children when able to do so for the past year." Appellant's App. pp. 42–43. According to Father, since the dissolution

he has made several attempts through Mother to establish parenting time with the Children to no avail, including specific requests for parenting time within one year of the filing of Devlin's adoption petition.

At the time the adoption petition was filed, Mother, Devlin, and the Children resided in Pittsboro, in Hendricks County. On January 11, 2010, the Adoption Court issued decrees of adoption for the Children, ordering that Devlin was now their adoptive parent and changing their last names. On January 15, 2010, Mother moved in the Dissolution Court to terminate the child support withholding order issued against Father's income, which motion the Dissolution Court granted on January 21, 2010. On January 27, 2010, Father moved in the Adoption Court to vacate Devlin's adoption of the Children. On February 3, 2010, Father filed an objection in the Dissolution Court to Mother's motion to terminate the child support withholding order and moved to establish parenting time with the Children. On March 15, 2010, Devlin agreed to vacate the adoption decrees due to a lack of proper service, and the Adoption Court set a contested hearing on the matter for April 27, 2010.

On or about March 15, 2010, Father moved in the Adoption Court to dismiss the adoption proceeding and transfer it to the Dissolution Court to be consolidated with the dissolution proceeding. On March 23, 2010, the Adoption Court denied Father's motion to consolidate and stayed the adoption case pending receipt of an order from the Dissolution Court. On March 23, 2010, Father moved in the Dissolution Court for the establishment of parenting time and filed a notice of vacation of adoption. The Dissolution Court held a hearing and subsequently issued its judgment on July 16, 2010. The Dissolu-

tion Court *sua sponte* concluded that it had jurisdiction over the adoption proceeding and that Mother had failed to present sufficient evidence to sustain a conclusion that Father's consent to the adoption was not required and ordered that Father should have parenting time with the Children. Mother appeals the Dissolution Court's conclusion that it had jurisdiction to address the adoption question and that she failed to establish that Father's consent to the adoption was not required.

## DISCUSSION AND DECISION

▆▆▆ When, as here, the trial court enters findings of fact and conclusions thereon, we apply the following two-tiered standard of review: we determine whether the evidence supports the findings and the findings support the judgment. *Clark v. Crowe*, 778 N.E.2d 835, 839 (Ind.Ct.App. 2002). The trial court's findings of fact and conclusions thereon will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id.* at 839–40. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* at 840. This court neither reweighs the evidence nor assesses the credibility of witnesses, but considers only the evidence most favorable to the judgment. *Id.*

▆▆▆ Mother contends that the Dissolution Court erroneously addressed issues involving Devlin's petition to adopt the Children. We agree. The simple fact is that Devlin's adoption petition is still pending in the Adoption Court, and, as such, the Dissolution Court cannot properly exert jurisdiction over the issue. Indiana

Trial Rule 75(B)(1) (2009) provides that the mechanism for addressing improper venue (the claim that Father has made regarding the adoption proceeding) is a motion to transfer the case filed in the court where the action was originally filed:

> Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed.

As previously mentioned, Father moved the Adoption Court to transfer the case to the Dissolution Court, and that motion was denied. At this point, had Father wished to pursue the question of the venue of the adoption case further, the only way to do so was to appeal that denial pursuant to Indiana Appellate Rule 14(A)(8) (2009), which provides for an interlocutory appeal of right from a trial court's "refus[al] to transfer a case under Trial Rule 75[.]" Father, however, did not pursue any such appeal. Devlin's adoption petition was filed in the Adoption Court, and there it remains.

Even assuming that transfer might otherwise be appropriate, Father points to no authority, and our research has revealed none, that allows a trial court, absent the approval of the originating court or appellate court, to *sua sponte* assume jurisdiction over a case pending in another trial court.[1] Consequently, to the extent that the Dissolution Court's findings and conclusions related to whether it had jurisdiction over the adoption proceeding and addressed the merits of the adoption, those findings and conclusions are vacated.[2]

---

1. Indeed, the fact that a case is pending in one Indiana trial court makes the same case subject to dismissal in another. It is a defense to a claim of relief that "[t]he same

action [is] pending in another state court of this state." Ind. Trial R. 12(B)(8) (2009).

2. We express no opinion on the merits of the dissolution court's conclusions regarding any

The only issue properly before the Dissolution Court was the question of parenting time for Father. Because Mother does not take issue with the Dissolution Court's ruling regarding Father's parenting time, we affirm the Dissolution Court's judgment to the extent that it addresses that issue.

The judgment of the trial court is affirmed in part and reversed in part.

KIRSCH, J., and CRONE, J., concur.

adoption-related matters it addressed.